Mr. Chief Justice Alvey
delivered the opinion of the Court:
This appeal comes from the Patent Office, and is taken from the decision of the Commissioner of Patents refusing the allowance of certain claims made by the appellant and for which he seeks a patent. The alleged invention relates to an improved construction of a knife for use in cutting hay, cane, fodder, etc. The application as originally filed contained seven claims, to which was added an eighth claim. They are as follows:
“1. In a knife for cutting hay, or the like, the combination with a shank and a cutting-blade, said shank being provided with a handle-attaching head, of a reversible handle connected with said head and capable of use on either side thereof, substantially as and for the purpose set forth.
“2. In a knife for cutting hay, or the like, the combination with a shank provided with a toothed head, of an adjustable handle provided with a toothed head for engaging said first-named toothed head and provided with grips for two hands rigidly connected with the handle-head and independently of shank-attaching bolt, substantially as and for the purpose set forth.
“3. In a knife for cutting hay, or the like, the combination with a shank provided with a handle-attaching head, of a handle provided with a head for connecting with the head on said shank, and provided with members c', <?, at an angle to each other and projecting from and rigid with the handle-head, substantially as and for the purpose set forth.
*568 “4, In a knife for cutting hay, or the like, the combination with a shank provided with a handle-attaching head, of an adjustable handle provided with a head c, with a grip c', a member c2 and a grip cs at an angle- to the member c2, substantially as and for the purpose set forth.
“5.' In a knife for cutting hay, or the like, the combination with a suitable cutting portion and a shank provided with a head a3 having toothed lateral surfaces, of an adjustable handle provided with a toothed head and with grip for two hands, and bolt connection for joining said heads rigidly together, substantially as and for the purpose set forth.
“6. In a knife of the character described, the combination of a shank provided with a flanged back for cutting-sections, said back tapering gradually from base to point, and cutting-sections secured to said back and abutting against the flange thereof, substantially as and for the purpose set forth.
“7. In a knife of the character described, the combination of a shank provided with a flanged back, and cutting-sections abutting against the flange of said back, each section being provided with a projecting cutting-ridge which protects the point where the cutting-line crosses from that section to the succeeding section, substantially as and for the purpose set forth.
“8. In a knife of the character described, the combination of a shank provided with a flanged back, and cutting-sections abutting against the flange of said back, each section being provided with a projecting cutting-ridge which protects the point where the cutting-line crosses from that section to the succeeding section, said sections being provided with serrations, all of which slant in a direction to take hold of material in the downward stroke, substantially as and for the purpose set forth.”
In the specification of the appellant he states that the *569 gist of his invention, so far as the features of the improvement in the handle is concerned, lies, broadly stated, in providing a reversible handle, and, more specifically stated, in forming the grips of an adjustable handle integrally with each other, as well as making a handle of this description reversible.
Of all the claims which, we have recited, only the fourth was allowed by the primary examiner, and all the others were rejected upon references given. The decision of the primary examiner was affirmed, both by the examiners in chief and by the Commissioner of Patents; though while the appeal was before the examiners in chief the appellant submitted certain other claims for consideration, but which were not recommended for adoption or approval by the majority of the board; — the third member, while concurring in the conclusion of the majority, saying that he thought the proposed additional claims were allowable over the state of the art as revealed by the several patents of record. On appeal to the Commissioner the decision of the examiners in chief was affirmed. In his opinion the Commissioner said:
“The claims appealed are, in my opinion, not patentable over the references of record. The examiners in chief have recommended that claim 3 might be allowed when amended as suggested by them. The applicant contends, however, that if that claim be amended as suggested, it would be substantially the same as claim 4, which is now allowed. With this contention of the applicant I agree. The applicant has submitted certain claims which are referred to in that part of the decision of the examiners in chief which is signed by one member, as claims 2, 3, and 4, and that member of the board has suggested that these three claims are allowable over the state of the art as shown by the references of record. The applicant has also submitted a claim to the Commissioner. This claim seems to set out features not *570 shown by the references, and gives the applicant some protection for his blade. The three claims referred to above, and the additional claim which has been presented to the Commissioner, may be admitted in the case when the applicant files a proper amendment, inserting these four claims. The application is remanded to the primary examiner to give applicant an opportunity to present said amendments, and the claims may be allowed if there are no additional references to cite against them. The decision of the examiners in chief refusing the appealed claims is affirmed.”
This was certainly liberal in an extreme degree. But the applicant was not content to accept the liberal offer of the Commissioner, but was persistent in his claims as originally made, and has taken his appeal to this court to assert and enforce those claims.
He assigns as reasons for his appeal, that the Commissioner erred in refusing to grant a patent containing all the claims contained in the application; that he erred in affirming the decision of the board of examiners in chief; that he erred in refusing to reverse the decision of the examiners in chief in respect to each and every one of the claims embraced in the appeal; and that he erred in holding that the claims embraced in the appeal were' met by the references of record.
The Revised Statutes of the United States, section 4886, provides that any person who has invented any new and useful machine, or any new and useful improvement thereof, not known or used by others in this country, and not patented, etc., before his invention, etc., may obtain a patent therefor. In the application to the Patent Office for a patent for such invention, it is incumbent upon the applicant to show that his claim for invention is both novel and useful. The mere assertion or statement of the applicant that such is the case, in respect to his claims, is not sufficient. The Commissioner must be fully satisfied upon the subject, and there must be such reasonable grounds shown as will *571 gratify the terms of the statute. The party in seeking a patent to protect his alleged invention, and to secure to himself a monopoly for its use, is dealing with the public, and he has no right to be allowed to experiment upon the public, when it is not clear that he can confer a benefit upon the public in consideration for the monopoly that he seeks for his alleged invention. Hence, if it is apparent to the officials of the Patent Office, that there is a want of novelty or usefulness in the claim for a patent, or that there is want of patentability by reason of the fact that prior patented inventions contain substantially the same particulars of construction and objects to be effected, it is made the duty of the Commissioner of Pateffis to refuse a patent on such claim of invention. Belding Manf. Co. v. Challenge Corn Planter Co., 152 U. S. 100. As said by the Supreme Court, in Dunbar v. Myers, 94 U. S. 197, invention or discovery is the requirement which constitutes the foundation of the right to obtain a patent; and that, unless more ingenuity and skill were required in making or applying the improvement than are possessed by an ordinary mechanic acquainted with the business, there is an absence of that degree of skill and ingenuity which constitutes the essential element of every invention; citing the case» of Hotchkiss v. Greenwood, 11 How. 267. Therefore, it is a settled principle of law, that a mere carrying forward of an original patented conception, involving only change of form, proportions, or degree, or the substitution of equivalents, doing the same thing as the original invention, by substantially the same means, is not such an invention as will sustain a patent, even though the changes of the kind may produce better results than prior inventions. Smith v. Nichols, 21 Wall. 115.
In this case, claims 1, 2, 3 and 5, as we have recited them, relate particularly to the shank and handle of the knife, and the manner of attaching the handle to the head of the shank of the knife. The references given in the Patent Office, as showing the state of this particular art, *572 would seem clearly to preclude the _ right to a patent for these claims 1, 2, 3 and 5, and leave no possible patentable difference between these claims and the Patent No. 220,469, granted to Fisher October 14, 1879, for improvement in knives for cutting hay, cane, etc., and the Patent No. 632,287, granted to Swacick, September 5, 1899, for knife for cutting hay or cane. The claims for which those patents were granted are substantially, though not in every particular, the same in mechanical construction, as the device described in claims 1, 2, 3 and 5 of this case. It is true, there is some difference in form, and, in the two patents referred to, it is not stated that the handle attachment is reversible. But to make the handle reversible on the head of the shank to which the blade of the knife is attached, it is only necessary to fix teeth or ribs on both sides of the head of the shank, and this does not require anything more thaii ordinary mechanical ingenuity. It certainly did not require the exercise of inventive faculty thus to duplicate the fixture on the head of the shank by which the handles are made reversible, and the operation of the knife made substantially similar to the knife described in the claims of the appellant. In view of the previous inventions described in the patents referred to, there is nothing patentably novel in the features of the device described in the claims of the appellant.
This is well illustrated by the claim in the case of Dunbar v. Myers, already referred to. In that case the claim was for an improvement described as the employment or use of deflecting-plates, — one or two, — placed at the sides of a circular saw, for the purpose set forth in the specification. It was held that such a device was not patentable. The court said :
“Grant that two such plates are in certain cases better than one used alone, still the question arises whether it involves any invention to add the second plate to a machine already constructed with one plate. Beyond doubt, every *573 operator who had used a machine having one deflecting-plate knew full well what the function was that the deflecting-plate was designed to accomplish, and the reasons for placing it at the side of the saw are obvious to the understanding of every one who ever witnessed the operation of a circular saw. Ordinary mechanics know how to use bolts, rivets and screws, and it is obvious that anyone knowing how to use such devices would know how to arrange a deflecting-plate at one side of a circular saw which had such a device properly arranged on the other side, it being conceded that both deflecting-plates are constructed and arranged precisely alike, except that one is placed on one side of the saw and the other on the opposite side. Both are attached to the frame in the same manner; nor is it shown either in the specification or drawings, that there is anything peculiar in the means employed for arranging the deflecting-plates at the side of the saw, or in attaching the same to the frame. Both are alike, except that the outer end of the one on the same side as the strengthening-plate projects farther from the saw than the inner end, and that the other is rather smaller in diameter, and that the ends project about an equal distance from the saw.”
It is hardly supposable that any intelligent mechanic, familiar with the subject of the use of such an implement as a hay or straw cutter, with ordinary skill, could have any difficulty whatever, in duplicating the teeth or means of attaching the handle to the reverse side of the head of the shank of the knife, described in the patents of either Fisher or Swacick, so that the knife could be made to operate from one side to the other, just as in the case of the device of the applicant. There is nothing, therefore, patentable in the device of readjustment and reversible attachment of the handle on the shank of the knife, so as to affect the manner of its operation as described by the appellant.
The claims 6, 7 and 8 relate to the blade of the knife, *574 and the manner of its construction and connections. The knife, as we have seen, is composed of several cutting sections, with serrated edge, and set in a flanged back, the back tapering gradually from base to point, and the cutting sections secured to said back and abutting against the flange thereof. We do not understand that claim 6 is urged with any considerable degree of confidence. It contains nothing that is patentable. In claim 7, the knife is provided with a flanged back and cutting sections abutting against the flange of said back, each section being provided with a projecting ridge, which protects the point where the cutting line crosses from that section to the succeeding section ; and in claim 8, the description is substantially the same as in claim 7, with the addition that said sections are described as being provided with serrations, all of which slant in a direction to take hold of the material in the downward stroke.
These claims relating to the blade of the knife, and its connections, would seem to be fully met and covered by the references furnished in the Patent Office. The serrated sectional cutting blades, fixed to flanged backs, described in the patent issued to McCormick, No. 33,681, dated November 5, 1861, for cutters for reaping and mowing machines, as well as the cutter blades described in the patents to Fisher and Swacick, very fully show the state of the art; and, upon that showing, it is very clear, that there is nothing novel in the construction and fastening of the knife in the device of the applicant.
The most that can be claimed in this case is, that the device proposed for patent makes some changes in or presents some variation of form from the former devices patented in this art; but it is very clear that such change or variation is only in form, proportions, or degrees, doing the same thing in the same way by substantially the same means; and though it even be with better results, it is not such an invention as will sustain a patent. It is not, by *575 any means, every improvement on former inventions that is patentable. Market Street Cable RR. co. v. Rowley, 155 U. S. 621; Butte City RR. Co. v. Pacific Cable RR. Co., 15 U. S. App. 341; Curtis v. Overman Wheel Co., 20 U. S. App. 146.
We have nothing to do on this appeal with any of the claims except those that were rejected and made the subject of appeal to the examiners in chief and to the Commissioner of Patents. The proposed additions were not embraced in the case, and the appellant did not avail himself of the offer of the Commissioner to remand the case to the primary examiner, so that the specifications and claims might be amended, and made to embrace th¿ additional claims. We must, however, be understood as intimating no opinion whatever as to whether such suggested additional claims are patentable, in view of the present state of this particular art.
We must affirm the decision of the Commissioner of Patents, and remand the case with this opinion, certified as required by law. Decision affirmed.